■ JAMES LANERA, Individually and as Administrator of the Estate of ELISA LANERA, Deceased, Plaintiff, v HERTZ CORPORATION, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Third-Party Defendant-Appellant, and NORTHBROOK INSURANCE COMPANY et al., Third-Party Defendants-Respondents.—In an action for a judgment declaring the extent of coverage afforded by certain insurance policies issued by the parties with respect to an automobile accident which occurred November 28, 1985, the third-party defendant Indemnity Insurance Company of North America appeals from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered April 5, 1990, which, *inter alia,* determined that it was liable for the payment of two-thirds of the amount of the judgment in excess of $850,000 in the underlying action.

Ordered that the judgment is affirmed, with one bill of costs.

On November 27, 1985, I. Martin Pompadur rented a car from the Hertz Corporation for his son Rex, using a partnership credit card issued to "I. Martin Pompadur, G.P. Station Partners". The following day Rex Pompadur was driving the car rented by his father when he and his passenger, Elisa Lanera, were killed in a collision with another car. Elisa Lanera's surviving spouse commenced a wrongful death action on behalf of her estate. The jury returned a verdict in Lanera's favor in the amount of $3,823,214. This declaratory judgment action was then commenced to determine the liability of the Hertz Corporation (as a self-insurer) and the third-party defendant insurance companies. At issue on this appeal are insurance policies issued by the Northbrook Insurance Company (hereinafter Northbrook) and the National Surety Company (hereinafter National Surety).

The Northbrook policy is a business automobile policy with "Television Station Partners, G.P. Station Partners" as the named insured. It covers any automobile owned, hired or borrowed by G.P. Station Partners and anyone who uses, with

G.P. Station Partner's permission, an automobile owned, hired or borrowed by it.

The National Surety policy is an umbrella and excess liability policy. Coverage A (excess liability) covers amounts that the insured is obligated to pay as damages in excess of the limit of liability of the primary policy, in this case, the Northbrook policy. The insurance afforded by Coverage A is subject to the same definitions, terms, conditions and exclusions as are contained in the Northbrook policy. Coverage B (umbrella liability) covers amounts in excess of any other valid and collectible insurance that the insured is obligated to pay as damages by reason of liability imposed by law or assumed under contract for personal injury or property damages. A contract is defined as "any written or oral contract or agreement entered into by the insured in the usual course of the business operations of the insured".

The rental of the Hertz vehicle by I. Martin Pompadur was not an act apparently for the carrying on of the business of the partnership in the usual way (see, Partnership Law § 20 [1]). The record reveals, and the Supreme Court found as a fact, that I. Martin Pompadur rented the Hertz vehicle for his son, Rex, who was coming home from college in Florida for Thanksgiving. The car was for Rex's personal use during the four or five days that he would be home. Although I. Martin Pompadur paid for the car with a partnership credit card, the use of the car was not connected with partnership business.

In view of the foregoing, it cannot be said that the Hertz vehicle was rented by G.P. Station Partners or that Rex Pompadur was using it with the permission of G.P. Station Partners. Therefore, the Lanera claim is not covered by either the Northbrook policy or Coverage A of the National Surety policy which is subject to the same definitions, terms, conditions and exclusions as are contained in the Northbrook policy. Moreover, the Hertz rental agreement is not a contract within the meaning of Coverage B of the National Surety policy since it was not entered into in the usual course of the business operations of G.P. Station Partners. Therefore, the Lanera claim is not covered by Coverage B of the National Surety policy either.

The Supreme Court correctly found that contribution between Indemnity Insurance Company and Kemper Insurance Group is to be ratable (see, Public Serv. Mut. Ins. Co. v Fireman's Fund Am. Ins. Cos., 82 AD2d 403, affd 55 NY2d 868) and that the Hertz Corporation's liability for postjudg-

ment interest is limited to its share of the judgment *(see,* 11 NYCRR 60.1 [b]). Bracken, J. P., Lawrence, Miller and Copertino, JJ., concur.